## No. 7675.

### State ex rel. E. P. Boyer vs. State Treasurer.

Where money is in the Treasurer's office to the credit of the general fund, one creditor of that fund cannot obtain a priority over others by the institution of mandamus proceedings.

Where there is a sum to the credit of the general fund which is inadequate to pay the warrants presented to or on file with the Treasurer for payment, the Treasurer cannot by mandamus be ordered to pay the whole fund to one creditor to the exclusion of the others.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

*W. S. Benedict* for relator and appellee.

*J. C. Egan* for defendant and appellant.

---

W. S. Benedict, for the relator :

No discretion is vested in the Treasurer when he has funds sufficient to pay warrants presented. 18 An. 19 ; 21 An. 352.

The court cannot prescribe rules for the Treasurer. 24 An. 16.

12

Where proof is shown that funds are on hand the writ must issue.   27
   An. 167.
The writ is directed to public officers " to compel them to fulfill any of
   the duties attached to their office, or which may be legally required'
   of them."   C. P. Art. 134.

The opinion of the court was delivered by

WHITE, J.   The relator, alleging himself to be the holder and owner of
certain warrants drawn against the general fund, amounting to $1823 61,
distributed as follows : 1874, $375 ;· 1875, $512 50 ; 1876, $936 11 ; which
he avers he presented for payment and met with refusal, although there·
was money to the credit of the fund against which they were drawn,
asked a mandamus to compel their payment. Other persons holding war-
rants intervened and claimed like relief, some praying that they be paid
by preference in consideration of a claimed priority of demand.   The
lower court made the mandamus peremptory as to to the relator and
one of the intervenors, and discountenanced the proceedings of the·
others.   The State intervened and appealed ; the relator asks an amend-
ment of the judgment rejecting the claim of the intervenor.   The in-
tervenor asked no mandamus; his proceeding was in all respects similar
to those upon which we ruled adversely in the case of the State ex rel.
Houston vs. the Treasurer, decided last year, and not reported.   Opinion
Book 51, page 32.   The proof shows that at the time the application for·
payment was made there was to the general fund a credit for the year·
1874, of $978 64 ; for the year 1875, $1701 75 ; for the year 1876, $2817 34.
The proof also is that while these amounts would pay the warrants of
relator, they are wholly insufficient to pay the outstanding warrants
against the fund, and, in fact, entirely inadequate to pay outstanding·
warrants which were on file at the Treasurer's office awaiting payment
for more than two years before this proceeding was commenced.

Under this state of fact we are clear that the judgment below was·
erroneous.   The elementary doctrine is that mandamus issues only to
enforce the performance of a ministerial duty in a case like the one now
before us, and we cannot imagine how there can be such a duty claimed'
as resting on the Treasurer, by which he can be compelled to pay some-
thing with nothing, or what is tantamount to it, pay one hundred dollars
of debt with one dollar of money.   The only theory upon which the
plaintiff can possibly obtain relief is that he is entitled to priority of
payment, and such a pretension was presented below, and is pressed
upon our attention.   It is predicated on the following grounds :

First.   That the warrants held by the relator being for the salaries·
of. constitutional officers, he was, as it were, preferred.

Second.   That being the first to initiate the proceedings by manda-

State ex rel. Boyer vs. State Treasurer.

mus, he is consequently entitled to priority. The first view prevailed in the court below; but it did so, we think, improperly. Even conceding, for the purpose of the case only, the correctness of the rule, because the proof makes it clear that there were on file in the Treasurer's office a large amount of warrants issued to constitutional officers, which were filed for the purpose of being paid when funds' came in to meet them— to give the relief asked would violate the rule of priority which is invoked, and enable the relator to take the whole sum for his warrants, when other warrants of equal dignity were on file and awaiting payment. We expressly negatived the theory in the case already referred to that where money was to the credit of the general fund one creditor of the fund could by the institution of mandamus proceedings obtain a preference over others. Of course, if there be money enough to pay one claimant, and two demand payment from the Treasurer, he cannot pay both; the duty does not exist to pay both; yet the making the mandamus peremptory to pay one would be a recognition of the existence of the duty, for it could only issue to enforce a pre-existing and ministerial duty. Of course we are not called upon to say what is the Treasurer's duty under the circumstances. When a case is presented requiring our opinion, it will be time enough to express it.

The judgment is reversed, and the writ of mandamus refused at cost of the relator.

Rehearing refused.